CV 08 2533

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------

YITZCHOK SCHWARTZ

Plaintiff,

-against-

RESURGENT CAPITAL SERVICES, LP,

Defendant.
--------------------------------------------------------------------------

FILED
CLASS ACTION  CLERK'S OFFICE
COMPLAINT  U.S. DISTRICT COURT E.D.N.Y.

JUN 2 5 2008  ★

LONG ISLAND OFFICE

GERSHON, J.

LEVY, M.

## COMPLAINT FOR VIOLATIONS
## OF THE FAIR DEBT COLLECTION PRACTICES ACT

Plaintiff brings this action on his own behalf and on behalf of all others similarly situated for damages arising from the defendant's violation of §1692 *et seq.* of Title 15 of the United States Code, the Fair Debt Collections Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### Introduction

1.  This action seeks redress for the illegal practices of Defendant, concerning the collection of debt, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

### Jurisdiction and Venue

2.  This Court has Federal question jurisdiction under 28 U.S.C. § 1331.

3.  Venue is proper in this District because the acts and transactions that give rise to this occurred, in substantial part, in this District. Additionally, plaintiff resides in this District.

4.  Plaintiff is a resident of the State of New York who resides in this District.

5.  Plaintiff  is a "Consumer" as that term is defined by § 1692(a)(3) of the FDCPA

in that the alleged debt that the defendant, sought to collect from plaintiff is a consumer debt.

6.      Upon information and belief, defendant is an active South Carolina business, which caused the collection letter complained of herein, to be sent within the county of Queens, State of New York.

7.      Defendant is regularly engaged in the collection of debts allegedly owed by consumers.

8.      Defendant is a "Debt Collector" as that term is defined by § 1692(a)(6) of the FDCPA.

9.      Plaintiff received direct communications from defendant on or about June 17, 2008.

## CLASS ACTION ALLEGATIONS

10.     Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of plaintiff and all consumers residing within the Eastern District of New York, who have received debt collection notices and/or letters from the defendant which contain one or more of the violations of the FDCPA specified in this complaint, from the period beginning one year prior to the filing of plaintiff's complaint and thereafter. Excluded from the Class is the defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of defendant.

11.     This action is properly maintained as a class action.  This Class satisfies all the requirements of Rule 23 for maintaining a class action.

12.     The Class is so numerous that joinder of all members is impracticable.  Upon information and belief, 40 or more persons have received debt collection notices from the defendant, which violate various provisions of the FDCPA.

13.     There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

        a.      Whether the defendant violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § § 1692e and 1692g.

        b.      Whether plaintiff and the Class have been injured by the defendant's conduct; and

        c.      Whether plaintiff and the Class have sustained damages and are entitled to restitution as a result of defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution.

14.     Plaintiff's claims are typical of the claims of the Class, and plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

15.     Plaintiff will fairly and adequately protect the interests of the Class and have retained experienced counsel, competent in the prosecution of class action litigation.

16.    A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.  Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

17.    A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a class action the Class members will continue to suffer losses of statutorily protected rights as well as monetary damages and if defendant's conduct will proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

18.    Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate relief with respect to the Class as a whole.

### AS AND FOR A FIRST CAUSE OF ACTION

19.    Plaintiff re-alleges and incorporates herein by reference, all the foregoing paragraphs as if set forth fully herein.

20.    Upon information and belief, the collection letter is a form letter sent by defendant to the plaintiff.

21.    Collection letters, such as those sent by defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

22.    Section 1692g requires the debt collector to give what is commonly referred to as

4

a 30-day notice within five days of its communication with the consumer.

23.     Section 1692e of the Fair Debt Collection Practices Act states that:

"A debt collector may not use any false, deceptive or misleading representation or means in connection with the collection of any debt."

24.     Defendants violated § 1692g, by failing to clearly indicate the amount that the consumer allegedly owed, by inserting language designed to overshadow the notice through the use of Spanish language, by failing to give the full and proper 30-day notice and by suggesting that the requirement of validation had been met prior to the consumer having had the opportunity to dispute the debt.

25.     Defendants violated § 1692e by using false and deceptive means in connection with the collection of the debt by the conduct alleged in the previous paragraph.

**WHEREFORE,** plaintiff respectfully requests that the Court enter judgment as follows:

a)     Declaring that this action is properly maintainable as a class action and certifying plaintiff as Class representative;

b)     Awarding plaintiff statutory damages;

c)     Awarding the class statutory damages;

d)     Awarding plaintiff and the class costs of this action, including reasonable attorneys' fees and expenses; and

e)     Awarding plaintiff and the class such other and further relief as the Court may deem just and proper.

Dated:  Cedarhurst, New York
        June 24, 2008

5

Plaintiff requests trial by jury on all issues so triable.

Lawrence Katz
Attorney at Law
445 Central Avenue Suite 206
Cedarhurst, New York 11516
Telephone  (516) 374-2118
Facsimile   (516) 706-2404

6