FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 12 2009 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
YITZCHOK SCHWARTZ,

                        Plaintiff,

      - against -

RESURGENT CAPITAL SERVICES, LP,

                        Defendants.
-----------------------------------------------------------------x

OPINION AND ORDER

08 CV 2533 (NG) (RML)

**GERSHON, United States District Judge:**

Plaintiff Yitzchok Schwartz brings this putative class action alleging that defendant Resurgent Capital Services, LP, sent him a debt collection notice in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, specifically §§ 1692e and 1692g. Defendant moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) or, in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56. Plaintiff has responded with an affidavit and Rule 56 counterstatement raising a potential issue of fact only as to one issue, which, as will be seen, is not material to the resolution of this case. Therefore, this motion will be treated as a motion for summary judgment.

## FACTS

Plaintiff is a natural person and resident of New York state. Defendant, a corporation doing business in South Carolina, mailed a debt collection notice dated June 17, 2008, and referring to an alleged debt of $1,682.27, to a "Cynthia A.[1] c/o Yitzchok Schwartz, 13749 70th Ave., Flushing, NY 11367-1925" (the "collection letter"). It is assumed for the purposes of this

---

[1] "Cynthia A."'s last name appears to be given in full in the letter, but has been redacted by defendant without objection by plaintiff. This opinion will refer to the addressee as "Cynthia A." The account number similarly appears in full but has been redacted.

1

motion that defendant qualifies as a debt collector under the FDCPA. The collection letter lists the prior creditor and an account number ending in -1556. It is addressed "Dear Cynthia A.:" Its second page is headed "Validation of Debt/June 17, 2008/Cynthia A." and begins "Account number [redacted] -1556 for Cynthia A. ..." Except for the "c/o" line in the address, plaintiff's name appears nowhere in the document.

Plaintiff does not allege that he has any relationship with Cynthia A. or that he is acquainted with her. Indeed, in his affidavit he affirmatively states that he does not even know if she exists. Plaintiff also has carefully failed to allege or argue in his brief that he lives at, works at, or even owns the building at this location; it is, in fact, not at all clear how the letter came into plaintiff's possession. Finally, plaintiff does not allege that he had ever been contacted by defendant before, was ever a debtor of the prior creditor, or had any account with any creditor whatsoever with the account number given in the collection letter.

## DISCUSSION

### I. Standard

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c). A genuine issue of material fact exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must construe the facts in the light most favorable to the non-moving party, and all reasonable inferences and ambiguities must be resolved against the moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Hunt v. Cromartie*,

526 U.S. 541, 552 (1999). However, the non-moving party may not "rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment," *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 12 (2d Cir. 1986), but "must come forward with specific facts showing that there is a genuine issue for trial," *Matsushita*, 475 U.S. at 586-8 (emphasis removed). At any stage, the court is "not bound to accept as true legal conclusions couched as factual allegations." *See LaFaro v. New York Cardiothoracic Group, PLLC*, 570 F.3d 471, 475-76 (2d Cir. 2009).

## II. FDCPA Claims

### A. Section 1692(g)

Defendant moves for judgment on the pleadings, arguing that, as a matter of law, plaintiff has no standing under the FDCPA because he is not a "consumer" within the meaning of the FDCPA, does not "stand in the shoes" of a consumer, and did not experience "injurious exposure" to defendant's debt-collection practices.

The FDCPA is a consumer-protection statute intended to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692 (2009). It provides that "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person" for damages. 15 U.S.C. 1692k (2009). It defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). Section 1692g of the FDCPA governs the use of what are commonly called "validation notices," requiring that

> (a) Within five days after the initial communication with a *consumer* in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the *consumer* a written notice containing—
> [certain information regarding the debt and the consumer's rights under

3

> the FDCPA.]
> (b) If the *consumer* notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the *consumer* requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until…a copy of such verification or judgment, or name and address of the original creditor, is mailed to the *consumer* by the debt collector…Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the *consumer's* right to dispute the debt or to request the name and address of the original creditor.
> (c) The failure of a *consumer* to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the *consumer*…

15 U.S.C. § 1692g(a)-(c) (emphases added).

Under 1692g(b), even when a collection notice contains the information mandated in 1962g(a), the debt collector is still in violation of the FDCPA if the notice "contain[s] language that overshadows or contradicts [the] other language that informs consumers of their rights." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993). "A notice is overshadowing or contradictory if it would make the least sophisticated consumer uncertain as to [his] rights." *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996). The collection notice will also violate the FDCPA "if [it is] open to more than one reasonable interpretation, at least one of which is inaccurate." *Clomon*, 988 F.2d at 1319.

Plaintiff contends that certain aspects of the collection letter, including its inclusion of a Spanish-language notice and a "validation of debt," are overshadowing or contradictory of the rights given in the validation notice. Defendant argues that, regardless of whether there was any overshadowing or contradictory language in the collection letter, plaintiff lacks standing to bring an action under § 1692 g because § 1692 g governs communications with "consumers" and plaintiff does not qualify as a consumer, i.e., one "obligated or allegedly obligated" to pay a debt.

4

Defendant's argument that plaintiff is not a "consumer" for the purposes of the FDCPA is correct. Although plaintiff alleges that he is a consumer in the complaint, this is a legal conclusion which I would not be obligated to accept as truthful even were this a motion for judgment on the pleadings, much less a motion for summary judgment. *See LaFaro*, 570 F.3d at 475-76. Plaintiff has not alleged that he is obligated to pay the debt referred to in the collection letter. There is also no plausible reading of the collection letter which would support plaintiff's argument that defendant was alleging in that letter that plaintiff was obligated to pay the debt. The letter refers repeatedly and consistently to the debt and account number of Cynthia A., with whom plaintiff does not claim that he has any relationship whatsoever. Plaintiff has never alleged that he had any account with the prior creditor or any account with any creditor with the same account number. The only place plaintiff's name appears in the entire letter is as a "c/o" in the address line. Although plaintiff now argues—as was not alleged in the complaint—that defendant believed plaintiff to have a power of attorney for Cynthia A. at the time defendant mailed the letter (the issue on which plaintiff seeks further discovery), defendant does not make any such claim in the letter itself and thus has not alleged that plaintiff was obligated to pay the debt. As plaintiff himself says, "[t]he idea that [a] consumer would conclude that he has power of attorney for [an] individual unknown to him, is of course patently absurd." (Plaintiff's Br. 5.) (In addition, holding a power of attorney for Cynthia A., without more, would not make plaintiff liable to pay Cynthia A.'s debts. *Ashkir v. Wilson*, 1999 WL 710788 at *9-*10 (S.D.N.Y. Sept. 13, 1999).) Therefore, plaintiff could not have reasonably construed the collection letter as an allegation that he was obligated to pay the debt in question. Plaintiff is thus not a "consumer" for the purposes of the FDCPA.

5

The question then arises whether an individual who is not a "consumer" may bring an action under § 1692g. Section 1692g addresses the interaction of debt collectors and the "consumer" throughout its text. The Court of Appeals has acknowledged that the precise contours of FDCPA standing doctrine in this circuit are not yet clear. *Sibersky v. Goldstein*, 155 Fed. Appx. 10 at *2 (2d Cir. Sept. 21, 2005). However, based on §§ 1692e(11) and 1692g's consistent references to the rights of the "consumer," it has held that, at the very least, a plaintiff who "is not the debt consumer" and "neither stands in the shoes of [a] consumer...nor has pleaded injurious exposure to the debt collection letters at issue" lacks standing to bring an action under those sections of the statute. *Id.* (interpreting, *inter alia*, § 1692(g) and § 1692e(11)); *see also Conboy v. AT&T Corp.*, 241 F.3d 242, 257 (2d Cir. 2001) (construing standing to sue under § 1692e(11), which addresses initial written communications with "the consumer"); *Bank v. Pentagroup Financial, Inc.*, 2009 WL 1606420 at *4 (E.D.N.Y. June 9, 2009) (same for § 1692(c), which also appears to be restricted to the "consumer"). Although *Sibersky* is a nonprecedential decision issued before January 1, 2007, its reasoning is persuasive and it is consistent with other case law, just cited, in this circuit.

Plaintiff not only is not a consumer (and has not alleged that he stands in the shoes of a consumer), but he has not pleaded injurious exposure to the debt collection letter at issue. Although the Second Circuit has not yet offered a precise definition of "injurious exposure," plaintiff concedes that he has suffered no actual damages and has not otherwise pleaded facts which might be reasonably construed as such exposure. Plaintiff therefore lacks standing to bring an action under § 1692g.

6

## B. Section 1692e

Defendant makes a similar argument with respect to plaintiff's standing to bring an action under § 1692e. Section 1692e forbids the use of "any false, deceptive or misleading representation or means in connection with the collection of any debt" generally and prohibits in addition an enumerated list of specific deceptive practices. 15 U.S.C. § 1692e (2009). Although some of the subsections of § 1692e refer to "the consumer" in the same way as § 1692g does, the general "false, deceptive, or misleading" provision of § 1692e is *not* explicitly limited to "the consumer." In interpreting a section of the FDCPA "which is not limited in its applicability to consumers," one court has found that "a plaintiff who is not a consumer may have standing to assert a claim." *Bank*, 2009 WL 1606420 at *5 (interpreting § 1692d).

However, although a broader class of plaintiffs may potentially have standing under those sections of the FDCPA that do not explicitly govern interactions with "the consumer," the FDCPA does not grant standing to any individual who may happen to come across a debt collection letter. Instead, § 1692k, the section of the FDCPA which creates a private right of action, provides that debt collectors who "fail to comply with...this title *with respect to any person* is liable to *such person*." (emphasis added) Therefore, the Second Circuit has held that a plaintiff who is not a consumer and has not alleged injurious exposure to a debt collection practice is not entitled to bring an action even under a provision of the FDCPA which does *not* make explicit reference to "the consumer," because the FDCPA will not have been violated *with respect to such a plaintiff*. *Sibersky*, 155 Fed. Appx. at *11 (interpreting § 1692e(5)); *Bank*, 2009 WL 1606420 at *5. In particular, the Court has noted that "prohibited language in the letter sent to [a consumer] cannot create a cause of action for [another] merely because [the other] read

7

the letter containing the threat." *Kropelnicki v. Siegel*, 290 F.3d 118, 130 (2d Cir. 2002) (interpreting §§ 1692c, 1692d, 1692e, and 1692f). "Even if the letter contained language that was…misleading, it was not…misleading *as to [plaintiff]* because it was not addressed to [plaintiff]." *Id.* (emphasis added)

In this case, plaintiff "merely…read the letter containing" the supposedly misleading and overshadowing language. The language in the letter could not be misleading or overshadowing with respect to plaintiff because it was not addressed to him. As discussed above, plaintiff concedes in his briefing that he experienced no actual damages and has alleged no other injury in the complaint. Therefore, plaintiff did not suffer "injurious exposure" to the collection letter and lacks standing to bring an action even under the general provision of § 1692e which does not contain any limiting reference to "the consumer."

## CONCLUSION

For the reasons given above, defendant's motion for summary judgment is granted. The Clerk of Court is directed to enter judgment for defendant.

**SO ORDERED.**

s/NG

**NINA GERSHON**
**United States District Judge**

Dated: Brooklyn, New York
November 9, 2009